UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JOHN J. McCORMICK,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>                    Plaintiff,<br>v<br><br>RADIUS GLOBAL SOLUTIONS LLC<br>F/K/A NORTHLAND GROUP, INC.,<br><br>                    Defendant. | Civil Action, File No.<br>2:19-cv-02701-WFK-SMG |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, John J. McCormick [hereinafter "McCormick"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Radius Global Solutions LLC f/k/a Northland Group, Inc. ("Radius"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Northland is now known as Radius Global Solutions LLC ("Radius").

3. Venue in this district is proper based on Radius' regular transaction of business within this district. Venue in this district also is proper based on Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Radius also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this

district.

4. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

5. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

6. McCormick is a natural person who resides at 15 Bay Street, Center Moriches, NY 11934.

7. McCormick is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

8. On or about December 14, 2017, Radius sent McCormick the letter annexed as Exhibit A. McCormick received and read Exhibit A. For the reasons set forth below, McCormick's receipt and reading of Exhibit A deprived McCormick of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

9. Per statements and references in Exhibit A, Radius sent Exhibit A to McCormick in an attempt to collect a past due debt.

10. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Discover Bank for his individual use, allegedly individually incurring charges by using the credit card account and then, as an individual, allegedly failing to pay for these charges. Radius, via Exhibit A, attempted collect the past due debt from McCormick in his individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Radius is a Minnesota Foreign Limited Liability Corporation.

12. Based upon Exhibit A and upon Radius possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Radius is the collection of debts using the instrumentalities of interstate

commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Radius identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above two paragraphs, Radius is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth the following: "Current Balance Due: $9,412.42".

17. On the date of Exhibit A, Discover Bank was not accruing interest, late charges, and/or other charges on the "Current Balance Due" of $9,412.42 set forth in Exhibit A.

18. Based on the above, Defendant violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

20. Setting forth the "current" balance due or describing the balance due as the "current" balance due without any other information regarding the balance due in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation

of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. Exhibit A contains the following statements:

"We are required by regulation of the New York State Department of Financial Services to notify you of the following information:  This information is NOT legal advice:

Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware:  if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization."

23. If the statute of limitations actually had expired on the date of Exhibit A, it is a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) and/or an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692 for Exhibit A to have stated that the statute of limitations "may" have expired rather than "has expired", for Exhibit A to have stated that "if the creditor sues you to collect on this debt" rather than for Exhibit A to state unequivocally that the "creditor will not sue you", for Exhibit A to have stated that "you may be able to prevent the creditor from obtaining a

judgment against you" rather than you "will" be able to prevent the creditor from obtaining a judgment against you" and/or for Exhibit A to inform the consumer that the consumer "must tell the court that the statute of limitations has expired" especially in light of Exhibit A also setting forth that the consumer may "waive the statute of limitations on the debt".

## FOURTH CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

27. As a result of sending Exhibit A to McCormick, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

29. The class consist of (a) all natural persons (b) who received a letter from Northland dated between December 14, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

30. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

32. The predominant common question is whether Defendant's letters violate the FDCPA.

33. Plaintiff will fairly and adequately represent the interests of the class members.

34. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

35. A class action is the superior means of adjudicating this dispute.

36. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          May 28, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107